IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00476-GPG

DUANE ERIC NICHOLAS,

      Applicant,

v.

JAMES FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Duane Eric Nicholas, is a prisoner currently incarcerated at the Sterling Correctional Facility in Colorado. On March 6, 2015, Applicant filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 attacking his conviction of kidnapping, theft, and aggravated robbery in Arapahoe County District Court. (ECF No. 1). On March 24, 2015, the Court ordered the Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. 2244(d) and/or exhaustion/procedural default of state court remedies under 28 U.S.C. 2254(b)(1)(A). (ECF No. 9). On April 9, 2015, Respondents filed their pre-answer response asserting the affirmative defense that Applicant failed to exhaust his state court remedies. (ECF No. 13). Applicant filed a reply on April 15, 2015.

### I. Applicable Legal Standards

Applicant's *pro se* pleadings are afforded a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although the Court does not act as an advocate for a *pro se* litigant, *see Hall*, 935

F.2d at 1110, because of the procedural complexities inherent in habeas corpus proceedings, some advisement to Applicant is warranted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state

remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

## II. Analysis

In this case, Applicant has not met his burden of showing he has exhausted all available state remedies.  He was convicted by a jury in Arapahoe County of second degree kidnapping, aggravated robbery, and theft. (ECF No. 1-1 at 2). The Colorado Court of Appeals then reversed the conviction based on a *Batson* violation, and remanded the case for a new trial. *Id.*  The state filed a petition for writ of certiorari in the Colorado Supreme Court, and Applicant filed an opposition to the petition. (ECF 1-1, 13-2) The Colorado Supreme Court has yet to rule on the petition. (ECF 13-2).

Applicant's one and only claim in his habeas petition is that the state violated his due process rights and delayed his litigation by petitioning the Colorado Supreme Court for review of the appellate decision reversing and remanding his case to the trial court. (ECF No. 1 at 5-6).  Respondents argue that this claim has not been presented to any Colorado courts. The Court agrees.

Applicant argues that he "has exhausted all his state court remedies when the state court of appeals reversed his judgment of conviction and sentence." (ECF 14 at 3). However, in order to exhaust his state court remedies, he must present the federal claim asserted in his habeas application to the state courts.  The appellate court reversed his conviction based on a *Batson* violation, it never heard or ruled on a due process claim arising from the state filing a petition for writ of certiorari with the Colorado Supreme Court.

Applicant also states in his Application that his claim was presented to the state's highest court in "the opposition certiorari brief." (ECF 1 at 5).  However, a review of his "Opposition Certiorari Brief" reveals arguments for why the Court should deny the government's petition for writ of certiorari but contains no argument that there was a due

3

process violation by the state filing the petition. (ECF 1-1 at 40-50). Furthermore, even if the claim was included in the Opposition Certiorari Brief, it has not yet been ruled on by the Colorado Supreme Court.

Therefore, Applicant has not exhausted his state court remedies because he has failed to fairly present his federal issue properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Respondents do not argue that Applicant's claim has been procedurally defaulted. (ECF 13 at 4 (noting that "he still has the right to seek postconviction relief in the Colorado courts, *see* Colo. R. Crim. P. 35(c).")).
Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF 15), filed by Applicant, Duane Eric Nicholas, on March 6, 2015, is DENIED and this action is DISMISSED without prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Nicholas files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED this  11th   day of May 2015 at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court